UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Juan Carlos Vazquez | ) | |
| | ) | C/A No. 4:06-cv-01302-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Colie Rushton, Warden McCorrectional | ) | |
| Institution; and Henry McMaster, | ) | |
| Attorney General for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on August 15, 2007. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on May 1, 2006. Respondents filed a motion for summary judgment on September 11, 2006. On September 12, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences for failure to adequately respond. The petitioner filed a response in opposition to summary judgment on October 11, 2006. The magistrate recommends granting respondents' Motion for Summary judgment and dismissing the petition.

1

## STANDARD OF REVIEW

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. The petitioner may make objections to the Report and Recommendation.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . .

held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). After being granted a motion for extension of time to file objections, Petitioner filed timely objections on September 11, 2007.

## OBJECTIONS

The petitioner brings forth three objections. The first two relate to the petitioner's contention that he was denied the effective assistance of counsel at his trial; the third relates to an alleged infirmity in his post-conviction relief hearing. First, Petitioner argues that he was prejudiced as a result of his attorney's failure to object when the trial judge did not allow the jury to hear "the time Harris was facing and how much this plea agreement would be reducing his sentence." *Objections* at 2-3. On cross-examination, the trial judge interrupted and ended the petitioner's attorney's attempt to elicit details about Harris's plea agreement in order to impeach Harris for bias. The magistrate found that, though the petitioner's attorney erred by failing to object to this interruption, the petitioner was not prejudiced by his attorney's error, because there was "substantial evidence to convict the petitioner and the jury had already heard *several times* that Witness Harris was testifying pursuant to a plea

3

agreement in hopes of getting a lesser sentence." *R & R* at 13-14.  The prosecuting attorney and two other defense attorneys had already questioned Harris about his plea agreement; however, none of them successfully elicited the difference between the potential sentence and Harris's actual sentence.

Petitioner relies on *State v. Brown*, 399 S.E.2d 593, 594 (S.C. 1991), and *Delaware v. Van Arsdall*, 475 U.S. 673 (1986), for support.  Though *Brown* is inapposite for § 2254 purposes,[1] both *Brown* and *Van Arsdall* stand for the proposition that limiting cross-examination *can* be reversible error *if and only if* it prejudices the defendant.  Petitioner's objection fails to show how the judge's limitation prejudiced him.  It appears the jury was well aware that Harris's testimony was potentially self-interested regardless of whether they knew exactly how many years he avoided through his plea.  Further, Harris's testimony was not the only evidence against the petitioner.  *See, e.g., R & R* at 19.  The petitioner's objection does not demonstrate an unreasonable application Supreme Court precedent nor does it show that the petitioner's proceeding was fundamentally unfair or unreliable; therefore, this Court adopts the magistrate's recommendation to GRANT summary judgment as to this issue.

---

[1] This Court may only grant habeas corpus relief if the state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established *federal law*, as determined by the *Supreme Court of the United States*; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Williams v. Taylor*, 529 U.S. 362, 398 (2000) (emphasis added).  The *Brown* decision is South Carolina Supreme Court decision; therefore, it cannot serve as a basis for § 2254 relief.

Second, Petitioner objects to the magistrate's finding that the prosecutor's use of the phrase "Cubans from Miami" did not prejudice petitioner, regardless of any error by petitioner's attorney to object to this term's use, because an alternate juror informed the petitioner's attorney that, though the case against the petitioner was weak, the alternate juror would have voted to convict solely on the fact that the petitioner was a Cuban from Miami. The magistrate found that the "Cubans from Miami" comments by the prosecutor did not mislead the jury—the petitioner is, indeed, a Cuban from Miami; the remarks were isolated; and there was substantial evidence to convict the petitioner. *See United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983). Further, the magistrate noted that the "petitioner has not identified specific questions in his petition without which there is a reasonable probability that the result of the trial would have been different." *R & R* at 19.

Assuming, *arguendo*, the petitioner has demonstrated actual prejudice, it does not rise to the level necessary under § 2254. The fact that a single alternate juror—an individual who did not even participate in the vote to convict—may have focused more on the prosecutor's language than the facts presented does not constitute prejudice. Given the substantial evidence against the petitioner and the prosecutor's limited use of the phrase, this Court does not find sufficient prejudice "to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Therefore, this Court adopts the magistrate's recommendation and GRANTS summary judgment as to this issue.

5

Third, in response to the magistrate's sound conclusion that errors in state post-conviction proceedings cannot serve as a basis for § 2254 relief in federal court, the petitioner objects by stating, "if not in this Court, where." *Objections* at 5. A § 2254 motion challenges the actual detention of the prisoner, not collateral proceedings related to the detention—such as state post-conviction relief proceedings. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *Wright v. Angelone*, 151 F.3d 151, 157, 159 (4th Cir. 1998). This Court adopts the magistrate's recommendation to GRANT summary judgment as to this objection.

## CONCLUSION

After a thorough review of the magistrate's Report and Recommendation and the petitioner's objections, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED THAT this Court GRANTS the respondent's Motion for Summary Judgment.

IT IS SO ORDERED

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September 26, 2007
Anderson, SC

6

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.